IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CYBERGENETICS CORP., | ) | CASE NO. 5:19-CV-01197-SL |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | |
| INSTITUTE OF ENVIRONMENTAL | ) | |
| SCIENCE AND RESEARCH and | ) | **STIPULATED MOTION FOR** |
| NICHEVISION INC., | ) | **EXTENSION OF TIME TO ANSWER** |
| | ) | **PLAINTIFF'S COMPLAINT OR** |
| Defendants. | ) | **OTHERWISE PLEAD** |

Defendants Institute of Environmental Science and Research ("ESR") and NicheVision Inc. ("NicheVision") (collectively, "Defendants") respectfully move this Honorable Court for an extension of time to answer Plaintiff Cybergenetics Corp.'s Complaint or otherwise plead. Defendants seek an extension of time up to and including September 25, 2019. Plaintiff, through counsel Mark Supko, has consented to the extension of time via email.

Plaintiff requested that ESR waive service of the Complaint. ESR is a New Zealand Crown Research Institute and, thus, is an instrumentality of a foreign state falling within 28 U.S.C. § 1603(b). Service upon an instrumentality of a foreign state is set forth within 28 U.S.C. § 1608(b). *See* Fed. R. Civ. P. 4(j)(1). Section 1608(b)(1) sets forth that the parties may effect service "in accordance with any special arrangement for service." In an effort of good faith and to avoid the complexity associated with service upon ESR pursuant to § 1608(b)(2) or (3) and thereby unduly delay ESR's Answer or other pleading, ESR agreed to waive service in exchange for Plaintiff's stipulated extension of time up to and including September 25, 2019 for both ESR and NicheVision. The agreed-upon extension is an earlier date for ESR's Answer or other pleading

1

than if ESR were to be served according to § 1608(b)(2) or (3) after its time to waive service expired.

More importantly, ESR and NicheVision need the additional time to fully investigate Plaintiff's claims of patent infringement. Plaintiff has asserted infringement of two U.S. patents, U.S. Patent No. 8,898,021 ("the '021 Patent") and U.S. Patent No. 9,708,642 ("the '642 Patent") (collectively, "the Patents-in-Suit"). The '021 Patent was filed on February 2, 2001 and issued on November 25, 2014, after pending in the U.S. Patent and Trademark Office for nearly 14 years. As such, its prosecution history is approximately 1,500 pages and consists of approximately 14 Office Actions and like number of responses thereto. In total, the prosecution history of the Patents-in-Suit totals close to 2,000 pages and is very complicated. In addition, the technology at issue in the Patents-in-Suit is also very specialized and highly technical DNA forensic technology. Forming and researching defenses as to invalidity, unenforceability, and non-infringement of the Patents-in-Suit requires extensive research. This request is the second for NicheVision and the first for ESR.

Finally, Defendants believe that it would make the most sense for the answers/other pleadings of both Defendants to be due at the same time. The Local Patent Rules allow discovery/disclosures to "begin upon the filing of an Answer or a motion under Fed. R. Civ. P. 12" absent a Court Order otherwise. (L. P. R. 1.3, 3.1). Rather than have separate tracks for each Defendant, allowing the Answers or other pleadings due on the same date for both Defendants would streamline this case with one track.

Pursuant to all of the above, Defendants respectfully request that the Court grant this Stipulated Motion for Extension of Time to Answer Plaintiff's Complaint or Otherwise Plead, up to and including September 25, 2019.

       Respectfully Submitted,

       EMERSON THOMSON BENNETT, LLC

       */s/John M. Skeriotis*
       John M. Skeriotis (Ohio Bar # 0069263)
       jms@etblaw.com
       1914 Akron-Peninsula Rd.
       Akron, Ohio 44313
       (330) 434-9999 – Telephone
       (330) 434-8888 – Facsimile
       *Attorney for Defendants Institute of Environmental Science and Research and NicheVision Inc.*